# Ennis *v.* Loveman, Surviving Partner, *et al.*

## *Statutory Action of Ejectment.*

1. *Action of ejectment; admissibility in evidence of mortgage.*—In
   an action of ejectment, to recover one hundred and sixty
   acres of land, where the plaintiff claims under a deed exe-
   cuted by the grantor and his wife, conveying the lands sued
   for, together with other lands, upon which the grantor re-

sided as a homestead but there was no separate description of said lands, and the defendant claims under a mortgage executed by the plaintiff's grantor and another, several years prior to the execution of the deed to the plaintiff, and in said mortgage the lands sued for were conveyed, together with other lands, and it was recited in said mortgage that said lands were jointly owned by the plaintiff's grantor and the other mor'gagor, and there was no evidence that the one hundred and sixty acres sued for had ever been set apart or allotted to or claimed by the plaintiff's grantor as a homestead, the mortgage under which the defendant claimed is admissible in evidence, and it is no objection to the introduction of said mortgage in evidence that it had never been executed by the wife of the mortgagor who was the grantor in the plaintiff's deed.

APPEAL from the Circuit Court of Fayette.

Tried before the Hon. S. H. SPROTT.

This was a statutory action of ejectment to recover the possession of certain lands, brought originally by the appellant, J. T. Ennis, against George W. Ennis and J. M. Moseley. Friedman & Loveman as landlords of the original defendants were made parties defendant. After the institution of the suit, Friedman died and Emanuel Loveman, as surviving partner of Friedman & Loveman, was made party defendant. The cause was tried upon issue joined upon the plea of the general issue.

As stated in the opinion, the plaintiff claimed under a deed made to him on May 1, 1890, by T. D. Ennis and his wife, to the lands sued for. The claim of the defendant is sufficiently stated in the opinion. The other facts of the case necessary to an understanding of the decision on the present appeal are also sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the defendant gave the general affirmative charge in his behalf, and to the giving of this charge plaintiffs duly excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

COLEMAN & BANKHEAD and JAMES J. RAY, for appellant.—The original mortgage to Friedman & Loveman by T. D. Ennis et al., not having been executed by Emily Ennis, the wife of T. D. Ennis, and she never having been made a party to any of the chancery court proceedings, nor to any of the deeds or mortgages afterwards made to Friedman & Loveman, all these deeds, mortgages and chancery court proceedings were irrelevant and immaterial as to the homestead, and the rights of Mrs. Ennis and her husband. The original mortgage was void as to the homestead, and only good as to the lands not claimed as a homestead, and this is so, although a larger tract of land is conveyed, and this claim may be made for the first time in an ejectment suit.— *Marks, Rothenberg & Co. v. Wilson,* 115 Ala. 563; *Jaffrey v. McGough,* 88 Ala. 650; *McGhee v. Wilson,* 111 Ala. 615; *New Eng. Mort. Sec. Co. v. Payne,* 107 Ala. 578; *Grim v. Nelms,* 78 Ala. 608; *Alford v. Lehman,* 76 Ala. 526; *Parks v. Barnett,* 104 Ala. 441; *DeGraffenried v. Clark,* 75 Ala. 425; *Clark v. Spencer,* 75 Ala. 57; *Cox v. Holcomb,* 87 Ala. 590; *Cowan v. Southern R. Co.,* 118 Ala. 560, 562; *Lyon v. Hardin,* 129 Ala. 647-648.

DANIEL COLLIER, *contra.*—The plaintiff had no such title as could be relied upon by him to maintain the present action of ejectment.—*Owen v. Kilpatrick,* 96 Ala. 426; *Malone v. Mariatt,* 64 Ala. 486; *McGuire v. VanPelt,* 55 Ala. 344; *Priess v. Campbell,* 59 Ala. 635; *DeGraffenried v. Clark,* 75 Ala. 427; *Tenn. Co. v. Tutwiler,* 108 Ala. 483.

DOWDELL, J.—This is a statutory action in ejectment, brought by appellant against appellee to recover the possession of one hundred and sixty acres of land described in the complaint. The assignments of error relate to the rulings of the trial court on the introduction of evidence, and the giving of the general charge for the defendant.

The plaintiff introduced in evidence a deed from T. D. Ennis and wife to plaintiff, executed on the 1st day of May, 1900. This deed conveyed a tract or body of land containing in the aggregate something over five hundred

acres, which included the land here sued for, but contained no separate description of the land sued for as described in the complaint, or as showing that it had ever been separated or set apart for any purpose. The bill of exceptions then recites: "And in connection with said deed plaintiff introduced Jacob Hollingsworth and D. W. Martin as witnesses for plaintiff; witness Martin testified in substance that T. D. Ennis' and his wife, E. Ennis, had lived on the land mentioned and described in said deed for more than twenty years, and that they removed from said lands about November, 1894, and went to the state of Texas; that said lands sued for were occupied by said T. D. Ennis and E. Ennis, his wife, as their homestead up to the time of the execution of said deed; that the lands described in plaintiff's complaint were at the time worth much less than $2,000.00 in value; that the entire tract contained about three hundred and ten acres; that said T. D. Ennis and wife were living on said lands at the date of deed to plaintiff; that plaintiff J. T. Ennis left the state of Alabama, and moved to the state of Texas at the same time T. D. Ennis and his wife did, about Nov. 1894, and that he had lived in Texas from that time until the present time and now resides in there." There was further evidence tending to show the annual rental value of the land to be $75.00 On this evidence the plaintiff rested his case. The defendant then offered in evidence a mortgage deed of date November 16th, 1882, more than seven years prior in time to the deed introduced in evidence by plaintiff, which was jointly executed by William Ennis, T. D. Ennis and James H. Moore to the defendant and one Friedman, who were partners in business, conveying the land described in plaintiff's deed, and an additional tract described as the mortgagor Moore's land. In this mortgage deed, the lands contained in the deed to the plaintiff are described and designated as belonging to T. D. Ennis and Wm. Ennis, thus showing a joint ownership by T. D. and Wm. Ennis in the lands. The bill of exceptions recites as follows, as to the introduction in evidence of this mortgage: "The defendant introduced in evidence a mortgage executed by T. D. En-

nis, Wm. Ennis and J. H. Moore to Friedman & Love-
man, dated November 16th, 1882, which conveyed the
identical lands sued for together with about seven hun-
dred acres of other lands.   There was no objection to
the introduction of the mortgage on the ground of it
not being properly executed by said parties, but plain-
tiff objected to the introduction of said mortgage because
it was illegal, irrelevant and immaterial, and because
it showed on its face that it had never been executed by
the wife of T. D. Ennis, and it conveyed the land used
as a homestead."   The three first grounds of objections
were general, the last special.   This last is the one in-
sisted on in argument.   There was no evidence that the
160 acres sued for had ever been set apart, or laid out,
or in any matter allotted to T. D. Ennis and claimed by
him as his homestead.   It formed a part of a large tract.
The witness Martin, it is true, testified that T. D. Ennis
and his wife occupied said lands sold, as a homestead,
and in the same connection said that he resided on said
lands described in the deed, meaning the entire tract.
T. D. Ennis and wife, in their deed to plaintiff convey-
ed it as a part of the entire tract, unidentified in any
way as having ever been claimed by him as his home-
stead, any more than any other portion of the tract con-
veyed.   But apart from all this, the objection was not
well taken and was properly overruled, since by the sol-
emn admission of the mortgage, Wm. Ennis was a joint
owner with T. D. Ennis in the land sued for, and the de-
fendant succeeded to this title, and as to this interest,
the mortgage was properly admitted in evidence.   The
occupancy by T. D. Ennis of the land as a homestead
could in no manner affect the right of Wm. Ennis to
convey his title in the same.   The same objection was
made to the deed offered in evidence, made pursuant to
foreclosure proceedings, had under the mortgage, and
for the reason we have stated, the objection was not well
taken.

The introduction in evidence of the transcript from
the chancery court of the proceedings in the case of J.
H. Moore v. T. D. Ennis, *et al.*, for the purpose of re-
demption, against the objection of the plaintiff, is with-
out importance.   If error, it was clearly error without

injury, for with this evidence in, or out, the defendant was entitled to the general charge.

We find no reversible error in the record, and the judgment will be affirmed.

Affirmed.